No. 14,549.

GOFF v. SCOTT ET AL.

ARGUMENT OF COUNSEL.—*Misconduct.*—*Question of not Properly Presented.*— In an action by the plaintiffs against the defendant for the value of one-half of a wheat crop grown upon a tract of land sold by the plaintiffs to the defendant, during the examination of a witness in regard to the terms of the sale of the farm, with reference to notes given for the purchase-price, counsel for the plaintiffs stated to the court, in the presence of the jury, that the " defendant tried to swindle these parties from the first." " Counsel for appellant," as shown by the record, " objected to the counsel's argument in the presence of the jury, and to the offer to cross-examine the witness in relation to the notes in question, because they do not allude to the transaction in relation to the wheat." Upon the court overruling the objection, the defendant excepted, and counsel proceeded with the examination, making no further statement.

*Held,* that no such state of facts or misconduct of counsel is shown as would justify a reversal of the judgment, even if the question of misconduct were properly presented.

From the Grant Circuit Court.

*A. E. Steele* and *J. A. Kersey,* for appellant.

*H. Brownlee* and *W. Carroll,* for appellees.

OLDS, C. J.—This was an action by the appellees against the appellant for the value of one-half of a wheat crop grown upon a tract of land sold by appellees to the appellant.

Error is assigned in overruling appellant's motion for a new trial.

The principal reason urged for a reversal of the judgment is that the verdict is not sustained by the evidence.

Conceding the rule to be that this court will not weigh the evidence or reverse a judgment on this ground, when there is any evidence to support the verdict, counsel for the appellant insist that there should be a reversal in this case.

We have examined the evidence in the case, and do not deem it necessary to set it out or give a synopsis of it. We think it clearly supports the verdict.

Goff v. Scott et al.

One of the reasons for a new trial was the misconduct of counsel for the appellees during the trial of the cause in making a statement to the court as to what he could prove. During the examination of a witness in regard to the terms of the sale of the farm by the appellees to the appellant, in regard to notes given for the purchase-price, counsel for the appellees stated to the court, in the presence of the jury: " I can show that this defendant tried to swindle these parties from the first; that it was a studied and deliberate swindle and fraud upon his part from the very start; that this defendant went down there and executed to these parties notes, upon the face of which was written that if paid before maturity six per cent. was to be deducted from the principal."

The record shows " counsel for appellant objected to the counsel's argument in the presence of the jury, and to the offer to cross-examine the witness in relation to the notes in question, because they do not allude to the transaction in relation to the wheat, and, therefore, are wholly immaterial, incompetent," etc., and the court overruled the objection, the appellant excepted, and counsel for appellees proceeded with the examination.

The objection made by counsel for appellant appears to be to the examination of the witness in regard to the notes, and reserving a question as to the competency of such evidence, rather than for the purpose of preserving any question as to the misconduct of counsel. No further statement was made after the objection; counsel at once proceeded to examine the witness.

There is no such state of facts or misconduct of counsel shown as would justify a reversal of the judgment even if it was properly presented.

There is no error in the record.

Judgment affirmed, with costs.

Filed Nov. 25, 1890.